IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| e.DIGITAL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| AVID TECHNOLOGY, INC.; CASIO AMERICA, INC.; LG ELECTRONICS USA, INC.; NIKON, INC.; OLYMPUS AMERICA INC.; SAMSUNG ELECTRONICS AMERICA, INC.; and SANYO NORTH AMERICA CORPORATION, | ) ) ) ) JURY TRIAL DEMANDED ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Now comes Plaintiff e.Digital Corporation before this Court and alleges as its complaint and petition for relief against each and all of the Defendants as follows:

### PARTIES

1. Plaintiff e.Digital Corporation ("e.Digital") is a Delaware corporation having offices at 16770 West Bernardo Drive, San Diego, California 92127.

2. Upon information and belief, Defendant Avid Technology, Inc. ("Avid") is a Delaware corporation having its offices located at One Park West, Tewksbury, Massachusetts 01876. Avid is qualified to do business in the State of Texas and has appointed CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

3. Upon information and belief, Defendant Casio America, Inc. ("Casio") is a wholly-owned subsidiary of Casio Computer Co., LTD. Upon information and belief, Casio is a

New York corporation having its offices located at 70 Mount Pleasant Avenue, Dover, NJ 07801.  Casio is qualified to do business in the State of Texas and has appointed United States Corp Company, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

    4.    Upon information and belief, Defendant LG Electronics USA, Inc. ("LG") is a wholly-owned subsidiary of LG Electronics, Inc.  Upon information and belief, LG is a Delaware corporation having its offices located at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.  LG Electronics is qualified to do business in the State of Texas and has appointed United States Corporation Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701 as its agent for service of process.

    5.    Upon information and belief, Defendant Nikon, Inc. ("Nikon") is a New York corporation having its offices located at 1300 Walt Whitman Rd, Melville, NY 11747-3012.  On information and belief, Nikon is qualified to do business in the State of Texas and has appointed CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201 as its agent for service of process.

    6.    Upon information and belief, Defendant Olympus America, Inc. ("Olympus") is a wholly-owned subsidiary of Olympus Corporation.  Upon information and belief, Olympus is a New York corporation having its offices located at 3500 Corporate Parkway, Center Valley, PA 18034-0610.  Olympus is qualified to do business in the State of Texas and has appointed United States Corporation, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

    7.    Upon information and belief, Defendant Samsung Electronics America, Inc. ("Samsung") is a wholly-owned subsidiary of Samsung Electronics Co., Ltd.  Upon information and belief, Samsung is a Delaware corporation having its offices located at 105 Challenger Road,

Ridgefield Park, NJ 07660.  Samsung is qualified to do business in the State of Texas and has appointed C T Corporation System, 350 North St. Paul St., Dallas, TX 75201 as its agent for service of process.

8.     Upon information and belief, Defendant Sanyo North America Corporation ("Sanyo") is a wholly-owned subsidiary of Sanyo Corporation.  Upon information and belief, Sanyo is a Delaware corporation having its offices located at 2055 Sanyo Ave., San Diego, CA 92154.  Sanyo is qualified to do business in the State of Texas and has appointed Prentice Hall Corporation, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

9.     Avid, Casio, LG, Nikon, Olympus, Samsung, and Sanyo shall collectively be referred to herein as the "Defendants."

## JURISDICTION AND VENUE

10.    These claims arise under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*, in that each is a claim for infringement of a United States patent.  The jurisdiction of this Court is founded upon 28 U.S.C. § 1338(a).

11.    This Court has personal jurisdiction over the Defendants.  Upon information and belief, each of the Defendants has transacted business in this judicial district and has committed, contributed to, and/or induced acts of patent infringement in this judicial district including, among other things, through the sale of infringing products through retailers such Wal-Mart, Guitar Center, and Target located in the Eastern Judicial District of Texas.

12.    Venue within this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT 1:  PATENT INFRINGEMENT OF THE '774 PATENT

13.    The allegations of paragraphs 1-12 are incorporated herein by reference.

14. Plaintiff e.Digital is the sole owner by assignment of United States Patent No. 5,491,774 ("the '774 Patent") issued on February 13, 1996 and entitled "Handheld Record and Playback Device with Flash Memory." A copy of the '774 Patent is attached hereto as Exhibit A.

15. Upon information and belief, the Defendants have infringed and, if not enjoined, will continue to infringe one or more claims of the '774 Patent by performing, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '774 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '774 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '774 Patent, in violation of 35 U.S.C. § 271(b); and (d) contributing to the infringement of one or more claims of the '774 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '774 Patent").

### COUNT 2: PATENT INFRINGEMENT OF THE '737 PATENT

16. The allegations of paragraphs 1-12 are incorporated herein by reference.

17. Plaintiff e.Digital is the sole owner by assignment of United States Patent No. 5,742,737 ("the '737 Patent") issued on April 21, 1998 and entitled "Method for Recording Voice Messages on Flash Memory in a Hand Held Recorder." A copy of the '737 Patent is attached hereto as Exhibit B.

18. Upon information and belief, the Defendants have infringed and, if not enjoined, will continue to infringe one or more claims of the '737 Patent by performing, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '737 Patent, in violation of

35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '737 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '737 Patent, in violation of 35 U.S.C. § 271(b); and (d) contributing to the infringement of one or more claims of the '737 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '737 Patent").

### COUNT 3:  PATENT INFRINGEMENT OF THE '445 PATENT

19. The allegations of paragraphs 1-12 are incorporated herein by reference.

20. Plaintiff e.Digital is the sole owner by assignment of United States Patent No. 5,787,445 ("the '445 Patent") issued on July 28, 1998 and entitled "Operating System Including Improved File Management For Use in Devices Utilizing Flash Memory As Main Memory."  A copy of the '445 Patent is attached hereto as Exhibit C.

21. Upon information and belief, the Defendants have infringed and, if not enjoined, will continue to infringe one or more claims of the '445 patent by performing, without authority, one or more of the following acts:  (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '445 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '445 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '445 Patent, in violation of 35 U.S.C. § 271(b); and (d) contributing to the infringement of one or more claims of the '445 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '445 patent").

### COUNT 4:  PATENT INFRINGEMENT OF THE '108 PATENT

22. The allegations of paragraphs 1-12 are incorporated herein by reference.

23. Plaintiff e.Digital is the sole owner by assignment of United States Patent No. 5,839,108 ("the '108 Patent") issued on November 17, 1998 and entitled "Flash Memory File System In A Handheld Record And Playback Device." A copy of the '108 Patent is attached as hereto Exhibit D.

24. Upon information and belief, the Defendants have infringed and, if not enjoined, will continue to infringe one or more claims of the '108 Patent by performing, without authority, one or more of the following acts:  (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '108 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '108 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '108 Patent, in violation of 35 U.S.C. § 271(b); and (d) contributing to the infringement of one or more claims of the '108 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '108 patent").

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the United States Constitution, e.Digital hereby demands a jury trial on all issues triable to a jury.

## REQUEST FOR RELIEF

WHEREFORE, e.Digital petitions this Court and requests that a judgment be entered and relief be granted as follows:

A. Declaring that each of the Defendants have infringed the '774 Patent, '737 Patent, '445 Patent, and '108 Patent as alleged herein (directly, by inducement, and/or contributorily);

B. Preliminarily and permanently enjoining, restraining, and prohibiting each of the Defendants, and any party acting through, for, or in concert with the Defendants from further

infringing (directly, by inducement, or contributorily) any claim of the '774 Patent, '737 Patent, '445 Patent, and '108 Patent;

  C. Awarding to Plaintiff such monetary or compensatory damages as may be found or deemed adequate to fully compensate Plaintiff for any of the Defendants' acts of infringement of the '774 Patent, '737 Patent, '445 Patent, and/or '108 Patent and/or any other injury suffered by Plaintiff due to the Defendants' acts of infringement of the '774, '737, '445, and '108 Patents;

  D. Awarding to Plaintiff its costs; and

  E. Awarding to Plaintiff such other, further, or general relief as this Court may deem proper.

             Respectfully submitted,

Dated:  March 4, 2008    By:  /s/   Gary R Maze
                Gary R. Maze
                Lead Attorney
                TX Bar 00792678
                grmaze@duanemorris.com
                Wesley W. Yuan
                TX Bar 24042434
                wwyuan@duanemorris.com
             Duane Morris LLP
             3200 Southwest Freeway, Suite 3150
             Houston, TX  77027-7534
             Tel.: 713.402.3900
             Fax:  713.402.3901

             L. Norwood "Woody" Jameson
             GA SBN: 003970
             wjameson@duanemorris.com
             Matthew S. Yungwirth
             GA SBN: 783597
             msyungwirth@duanemorris.com
             Duane Morris LLP
             1180 West Peachtree Street, Suite 700
             Atlanta GA  30309-3448
             Tel:  404.253.6900
             Fax:  404.253.6901

                                        Michael C. Smith
                                        Tx. Bar 18650410
                                        michaelsmith@siebman.com
                                        Siebman, Reynolds, Burg, Phillips & Smith, LLP – Marshall
                                        713 South Washington Avenue
                                        Marshall, Texas 75670
                                        Tel.:  903.938.8900
                                        Fax:  972.767.4620

OF COUNSEL:

Daniel C. Minteer (prospective *pro hac vice*)
CA SBN: 62158
dcminter@duanemorris.com
James Y.C. Sze (prospective *pro hac vice*)
CA SBN 203274
Duane Morris LLP
101 W. Broadway, Suite 900
San Diego, CA  92101-8285
Tel.:    619.744.2200
Fax:    619.744.2201

                                        ATTORNEYS FOR PLAINTIFF
                                        e.DIGITAL CORPORATION