**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| e.DIGITAL CORPORATION, ) | |
| ) | Civil Action No. 2:08-cv-00093-DF-CE |
| Plaintiff, ) | |
| ) | Hon. D. Folsom |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| AVID TECHNOLOGY, INC.; CASIO ) | |
| AMERICA, INC.; LG ELECTRONICS ) | |
| USA, INC.; NIKON, INC.; OLYMPUS ) | |
| AMERICA INC.; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC.; and ) | |
| SANYO NORTH AMERICA ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**SAMSUNG'S MOTION TO COMPEL INFRINGEMENT CONTENTIONS IN COMPLIANCE WITH PATENT RULE 3-1 AND TO LIMIT e.DIGITAL TO ITS PRIOR THEORIES**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. PROCEDURAL BACKGROUND..................................................................................3

III. ARGUMENT...................................................................................................................6

    A. This District's Local Patent Rules Require e.Digital To Provide Detailed Infringement Contentions Specifically Identifying Where Each Element Of Each Asserted Claim Allegedly Is Found Within Each Accused Product. ...............................................................................................................7

    B. e.Digital's Claim Charts Inappropriately Group Dozens Of Accused Samsung Products Together In Single Charts. ........................................................8

    C. e.Digital Does Not Specifically Identify Where Each Claim Limitation Allegedly Is Found In Each Accused Product. ......................................................10

    D. e.Digital Does Not Identify How The Asserted Method Claims Allegedly Are Infringed...........................................................................................................11

    E. e.Digital Failed To Analyze And Incorporate Publicly Available Information About The Accused Products. ............................................................12

    F. e.Digital's Second Amended Infringement Contentions Improperly Alter Its Infringement Theories And The List Of Accused Products, Without Permission From The Court...................................................................................13

IV. CONCLUSION..............................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Am. Video Graphics, L.P. v. Electronic Arts, Inc.*,
    359 F. Supp. 2d 558 (E.D. Tex. 2005) .............................................................................. 13

*Computer Acceleration Corp. v. Microsoft Corp.*,
    503 F. Supp. 2d 819 (E.D. Tex. 2007) ................................................................................ 9

*ConnecTel, LLC v. Cisco Sys., Inc.*,
    391 F. Supp. 2d 526 (E.D. Tex. 2005) ..................................................................... 7, 8, 13

*Davis-Lynch, Inc. v. Weatherford Int'l Inc.*,
    No. 6:07-CV-559, 2009 WL 81874 (E.D. Tex. Jan. 12, 2009) ......................................... 15

*Fenner Invs., Ltd. v. Juniper Networks Inc.*,
    236 F.R.D. 309 (E.D. Tex. 2006) ....................................................................................... 7

*Juxtacomm Techs., Inc. v. Ascential Software Corp.*,
    548 F. Supp. 2d 379 (E.D. Tex. 2008) .............................................................................. 10

*LG Elecs. Inc. v. Q-Lity Computer Inc.*,
    211 F.R.D. 360 (N.D. Cal. 2002) ....................................................................................... 7

*Linex Techs. v. Belkin Int'l*,
    Civ. A. No. 2:07-cv-222, 2008 WL 4372708 (E.D. Tex. Sept. 19, 2008) .................... 8, 12

*Mass. Inst. of Tech. v. Abacus Software*,
    No. 5:01-CV-344-DF-CMC, 2004 U.S. Dist. LEXIS 30045 (E.D. Tex. Sept. 10,
    2004) ................................................................................................................................... 7

*O2 Micro Int'l v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) ........................................................................................ 14

*Orion IP, LLC v. Staples, Inc.*,
    407 F. Supp. 2d 815 (E.D. Tex. 2006) .............................................................................. 14

*Raytheon Co. v. Indigo Sys. Corp.*,
    No. 4:07-CV-109, 2008 WL 5378047 (E.D. Tex. Dec. 23, 2008) ................................... 14

**Rules**

Local Court Rule CV-7(b) ......................................................................................................... 3

Local Court Rule CV-7(g) ......................................................................................................... 1

Patent Rule 3-1(c) ......................................................................................................... 7, 10, 12

## I. INTRODUCTION

Defendant Samsung Electronics America, Inc. ("Samsung") hereby moves the Court for an order compelling Plaintiff e.Digital Corporation ("e.Digital") to serve proper infringement contentions in compliance with Patent Rule 3-1 ("P.R. 3-1") and to limit e.Digital to the list of accused products and the theories of infringement it articulated, albeit incompletely, in its infringement contentions filed prior to February 20, 2009.  Pursuant to Local Court Rule CV-7(g), Samsung respectfully requests an oral hearing on this motion.

Samsung is forced to file this motion for three reasons.  *First,* e.Digital's Infringement Contentions are inadequate and fail to present crystallized infringement theories, contrary to the spirit and letter of this District's Patent Rules.  The vague and incomplete "analysis" contained in e.Digital's Contentions forces Samsung to guess regarding much of the basis for e.Digital's allegations that Samsung's products infringe the asserted patents.  For example:

- Many of the asserted claims relate to types of circuitry used in handheld devices, yet e.Digital's Contentions do not refer to specific circuits inside the accused products.  Instead, e.Digital repeatedly states that it simply "believes" Samsung infringes, based on its analysis of unspecified "other systems."

- Two of the patents claim a specific method of writing and storing data to flash memory, yet e.Digital's Contentions do not describe how the accused products write to flash memory, let alone how they supposedly do so using the claimed steps.

- e.Digital often simply regurgitates claim language in place of offering any real analysis of how the accused products allegedly infringe the claims.

- e.Digital improperly groups dozens of accused products together in single claim charts without offering any justification for omitting a product-by-product analysis.

- 56% (76 of 136) of the accused Samsung products have never been made, used, sold, offered for sale, or imported in the United States by Samsung.

e.Digital's continued failure to provide appropriate contentions pursuant to the Patent Rules has prejudiced Samsung's ability to prepare its own claims and defenses going forward.

***Second,*** although Samsung repeatedly sought properly amended Contentions from e.Digital, for months e.Digital remained uncooperative. It has become clear through e.Digital's statements and Contentions that prior to filing suit, it failed to properly investigate the accused Samsung products. Indeed, e.Digital did not even realize that 76 of the products are not, and never have been, sold by Samsung in the United States. The accused products are digital cameras, camcorders, and mobile phones, and e.Digital could easily have determined which of them are sold in the United States. Moreover, a wealth of publicly available information about the products is available on Samsung's and third-party websites. e.Digital should have analyzed this information before filing suit and preparing its Contentions. For months, in fact, Samsung has requested adequate contentions from e.Digital so it can understand e.Digital's infringement theories and develop its defenses. Yet e.Digital has continually delayed, refusing to conduct a proper investigation of the accused products even after Samsung itself provided e.Digital with specific sources of publicly available information. Instead, e.Digital made clear that it was content to leave Samsung with inadequate contentions and would amend them only after receiving additional information through discovery, and after further significant delay.

***Third,*** e.Digital's infringement theories change with each new version of its Contentions. Not even the list of accused products, or the way e.Digital chooses to group them for purposes of its "analysis," remains consistent. Indeed, e.Digital's latest round of Contentions, served over 11 months after it filed this case, are vastly different from previous versions. e.Digital's incomplete and shifting theories of infringement have severely prejudiced Samsung's ability to prepare its claims and defenses. To prevent additional prejudice, Samsung now asks this Court to limit e.Digital to the original theory of infringement under which it brought this case—including the initial roster of accused products—and to compel e.Digital to provide adequate Infringement

Contentions under that theory. Further, if e.Digital *cannot* provide Contentions sufficient to explain its original theory, then Samsung requests that this Court strike its deficient contentions for failure to comply with P.R. 3-1. If e.Digital now wishes to change course and present new theories of infringement and accuse new products, it cannot act unilaterally—it must seek proper leave to do so, as the Local Rules require.

## II.   PROCEDURAL BACKGROUND

On March 4, 2008, e.Digital filed suit against Samsung and six other defendants. (Docket No. 1.) The Complaint alleged that Samsung infringed four patents related to storing audio data using flash memory, but did not identify any specific accused products. (*Id.*)

On November 21, 2008, e.Digital served the first version of its "Asserted Claims And Preliminary Infringement Contentions To Samsung Electronics America, Inc." (the "Initial Infringement Contentions") pursuant to P.R. 3-1. e.Digital's Initial Infringement Contentions asserted 17 claims from the four patents, and accused more than 130 Samsung products (the "Accused Products"). (*See* Ex. A.[1]) e.Digital failed to provide claim charts with these Contentions for the vast majority of the Accused Products, and otherwise failed to provide any explanation for its grouping of products. e.Digital instead chose to analyze just seven Samsung products, each purportedly representing a "family" of accused devices.[2]

---

[1]  In accordance with Local Court Rule CV-7(b), Samsung files herewith the supporting Declaration of Christopher M. Gerson (the "Gerson Decl."). References herein to Exhibits A-V refer to the exhibits attached to the Gerson Decl.

[2]  For example, e.Digital provided only one claim chart for a Samsung camera that it alleged represents an "S and SC" family of products, a diverse mixture of over 30 cameras and camcorders. (Ex. A at 2-3.) e.Digital similarly provided a chart for a single mobile phone that it alleged represents a "mobile phone family" comprising over 60 different cellular phones, touch-screen devices, and PDAs. (*Id.* at 4.)

In light of these and similar deficiencies in the Initial Infringement Contentions, Samsung requested that e.Digital amend its Contentions to include all the information required by P.R. 3-1.  On December 5, 2008, Samsung provided e.Digital with a detailed seven-page letter setting forth all of the categories of deficiencies in e.Digital's Initial Infringement Contentions, with specific examples.  (*See* Ex. B.)  e.Digital responded on December 12, 2008, asserting that its Contentions complied with P.R. 3-1, but conceding that it had "identified several corrections that need[ed] to be made," and stating it would "attempt[] to provide [Samsung with] additional detail" in the form of amended Infringement Contentions by December 19.  (Ex. C.)

When e.Digital did not provide any amended Contentions by that date, Samsung twice reminded e.Digital of its obligation, first on December 23 and then on December 29.  (*See* Ex. D; Ex. E.)  On December 30, e.Digital provided its "Amended Disclosures of Asserted Claims and Preliminary Contentions to Samsung Electronics America, Inc." (the "First Amended Infringement Contentions").  (*See* Ex. F.)  These amendments to e.Digital's Initial Infringement Contentions were largely superficial.[3]  Accordingly, on January 13, 2009, Samsung sent a letter to e.Digital describing the remaining deficiencies and again requesting sufficient contentions.[4]  (*See* Ex. G.)  e.Digital did not reply to that letter.

Following e.Digital's failure to respond, counsel for both parties held a two-hour meet-and-confer on January 21, 2009, during which Samsung again explained each type of deficiency in the First Amended Contentions.  At this meeting, e.Digital revealed for the first time that it did

---

[3]  As the only significant change, e.Digital divided the "S and SC family" of products referenced in its Initial Contentions into two families, and provided a new claim chart purporting to analyze a "representative" camcorder.  e.Digital's First Amended Infringement Contentions left the other deficiencies identified by Samsung virtually untouched.

[4]  With its letter, Samsung included a spreadsheet specifically identifying where and how each claim chart failed to comply with the Patent Rules.  (*See* Ex. G.)

not actually purchase all of the accused Samsung products, that it did not obtain *any* publicly available service manuals, and that it did not reverse-engineer *any* of the products to see how they function. e.Digital instead declared that it would not amend its Contentions again unless Samsung itself provided e.Digital with websites and other sources of information. (*See* Ex. H.)

On February 4, 2009, Samsung sent another letter to e.Digital identifying specific examples of publicly available information that e.Digital had failed to consider. (*See* Ex. I.) On February 6, Samsung sent a follow-up e-mail specifically listing each and every claim element with respect to which e.Digital's First Amended Contentions were deficient and providing specific requests regarding how to fix the deficiencies. (*See* Ex. J.) The same day, Samsung and e.Digital held a second meet-and-confer, during which e.Digital continued to refuse to supplement its investigation and analysis with additional sources of publicly available information. e.Digital nonetheless promised to amend its Infringement Contentions "shortly."

Over two weeks later, on February 20, e.Digital filed its "Second Amended Disclosures of Asserted Claims and Preliminary Infringement Contentions to Samsung Electronics America, Inc." (the "Second Amended Infringement Contentions"). (*See* Ex. K.) This new version contains entirely new infringement theories, features five new Accused Products, and continues to fail to meet the specificity requirements established by the Patent Rules.

As a last effort to resolve e.Digital's deficient contentions, the parties held an in-person meet-and-confer on March 4, 2009 for nearly three hours. e.Digital conceded that further revisions are necessary, but would not commit to providing them until March 31—almost an entire month away. In light of e.Digital's continued delaying tactics and its pattern of submitting deficient Contentions, Samsung now asks this Court to compel e.Digital to serve proper Infringement Contentions that comply with the local rules.

**III.    ARGUMENT**

For the reasons set forth below, e.Digital's Initial, First Amended, and Second Amended Infringement Contentions all fail to comply with P.R. 3-1's requirement that e.Digital disclose upfront its particular theories of infringement regarding each Accused Product and each asserted claim.  All along, e.Digital essentially has conceded that it must further amend and elaborate on its Infringement Contentions, and indicated that it would do so in the future—but only after obtaining information about the Accused Products through discovery.  The result of this tactic was e.Digital's Second Amended Infringement Contentions, which, while still deficient, are filled with entirely new infringement theories based on information e.Digital should have investigated months ago, before filing suit.  Indeed, e.Digital *still* has failed to investigate and incorporate into its descriptions many easily obtainable sources of information about the Accused Products, even though the Patent Rules require it to undertake such an investigation and even though Samsung itself informed e.Digital of many such sources.  e.Digital's continual delaying tactics have put Samsung at an unfair disadvantage by leaving it in the dark regarding many specifics of e.Digital's theories.  In fact, e.Digital now seeks to wait yet *another* month before it will ostensibly fulfill its obligations, promising to deliver a new set of amended Contentions by March 31.  Samsung has heard this story before, however, and each past delay has merely resulted in a new set of Contentions that still fails to meet e.Digital's obligations under the Rules.

Samsung therefore now asks the Court to compel e.Digital to serve specific, detailed Infringement Contentions that meet the Patent Rules' clear requirements.  Samsung also asks this Court to limit e.Digital to the Accused Products and theories of infringement set forth (albeit incompletely) in e.Digital's Initial and First Amended Infringement Contentions, as opposed to the expanded product list and entirely new theories articulated in e.Digital's latest submission.  If e.Digital cannot provide adequate contentions to articulate its original theories, this Court should

6

strike its contentions. For the Court's convenience, Samsung attaches hereto a set of tables identifying where e.Digital's Second Amended Infringement Contentions are deficient and illustrating specific examples of these deficiencies. (*See* Att. A.) Attachment A also illustrates how e.Digital's infringement theories have changed, nearly a year after it filed this suit.

> **A.** **This District's Local Patent Rules Require e.Digital To Provide Detailed Infringement Contentions Specifically Identifying Where Each Element Of Each Asserted Claim Allegedly Is Found Within Each Accused Product.**

Patent Rule 3-1(c) sets forth the requirements for e.Digital's Infringement Contentions. Among other things, this Rule requires e.Digital to identify with specificity where each element of each asserted claim can be found in each Accused Product:

> [T]he "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information . . .
>
> (c) *A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality*. . .

P.R. 3-1(c) (emphasis added). A key purpose of the Patent Rules' mandatory disclosure requirements is "'to give claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation.'" *Mass. Inst. of Tech. v. Abacus Software*, No. 5:01-CV-344-DF-CMC, 2004 U.S. Dist. LEXIS 30045, at *18 (E.D. Tex. Sept. 10, 2004). Requiring e.Digital to crystallize and provide its infringement theories at an early stage in the case allows for a more focused discovery period and otherwise benefits the parties by narrowing the issues in the case. *See ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 526-27 (E.D. Tex. 2005) (granting defendant's motion to compel more detailed infringement contentions in compliance with P.R. 3-1).

To satisfy P.R. 3-1, e.Digital must provide Samsung with infringement theories that "provide notice of infringement beyond what is provided by the language of the patent claims themselves." *Fenner Invs., Ltd. v. Juniper Networks Inc.*, 236 F.R.D. 309, 310 (E.D. Tex. 2006);

7

*see also ConnecTel*, 391 F. Supp. 2d at 528 (contentions "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply with Patent Rule 3-1"). Importantly, the patentee is required to analyze publicly available information ***prior*** to bringing suit—and thus prior to providing its infringement contentions—in order to provide the accused infringer with appropriate details regarding the patentee's infringement theories. *See ConnecTel*, 391 F. Supp. 2d at 528. e.Digital's Infringement Contentions fail to satisfy the requirements of P.R. 3-1, for the following reasons.

      **B.**    **e.Digital's Claim Charts Inappropriately Group Dozens Of Accused Samsung Products Together In Single Charts.**

e.Digital's Initial Infringement Contentions provided claim charts for only seven of the more than 130 Accused Products; e.Digital's First Amended Infringement Contentions provided claim charts for just eight products; and e.Digital's Second Amended Infringement Contentions contain charts for only ten products. According to e.Digital, each claim chart is intended to represent one or more Samsung product "families"—but e.Digital does not provide any reason for grouping these particular products together. Indeed, e.Digital's definition of a "family" of products keeps shifting as it revises its contentions. (*Compare* Ex. A at 2-4 *with* Ex. F at 2-4 *with* Ex. K at 2-7.) This District's local Patent Rules require e.Digital to "list each individually Accused Product and go through specific infringement contentions for each." *Linex Techs. v. Belkin Int'l*, Civ. A. No. 2:07-cv-222, 2008 WL 4372708, at *8 (E.D. Tex. Sept. 19, 2008). At minimum, e.Digital should have provided justifications for its grouping of products. It did not. It thus has not adequately apprised Samsung of its infringement theories.

An example of e.Digital's unjustified grouping is its arbitrary identification of four "SC families" of camcorder products. (*See* Ex. K at 2-3.) e.Digital has accused 35 different camcorders of infringement, and has separated these camcorders—without explanation—into

8

four "families," while providing claim charts for only two of them. (*See id.*) Samsung cannot simply infer e.Digital's infringement theories for all of the other camcorders—which have varying features and architectures—from these two charts, as e.Digital apparently intends. For example, e.Digital has provided a claim chart for the SC-X300, a camcorder that is compatible with an SD Memory Card—a certain type of external flash memory. (Ex. L at 33.) But other accused camcorders are not compatible with this card, and instead use different types of flash memory, such as Memory Sticks, SDHC cards, and MMC Plus cards. (*See, e.g.*, Ex. M at 31.) This difference in which flash cards are supported is important to e.Digital's infringement claims because different flash cards store data in different ways. Yet e.Digital simply ignores this issue in its Contentions.[5] Samsung should not be forced to try to infer e.Digital's theory of infringement regarding these other camcorders based on unrelated claim charts. *See Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 823 (E.D. Tex. 2007) (striking infringement contentions against Windows Vista because plaintiff only charted the Windows XP product and it was undisputed that Vista and XP are only 70 percent similar).

Samsung has repeatedly asked e.Digital to provide additional claim charts addressing the remaining Accused Products or, at a minimum, to explain its reasoning for grouping the products in this manner. (*See* Ex. B; Ex. G; Ex. I.) But e.Digital has refused, stating that Samsung's requests amount to an imposition of "busy work." (*See* Ex. N.) It is not simply "busy work,"

---

[5] This grouping problem is not unique to the accused camcorders. For example, e.Digital has arbitrarily grouped ten digital cameras into an "NV" family of products (*see* Ex. K at 4) and alleged that these products infringe because they use a Fujitsu MB91686 processor. (*See* Ex. K Claim Charts at 2.) But, the NV24HD is an accused "NV" camera that uses a DRIM Engine II microprocessor, which is not manufactured by Fujitsu and has nothing to do with Fujitsu. (*See* Ex. O; Ex. P.) e.Digital could have determined that the NV24HD uses this DRIM processor by purchasing the camera at retail and removing its casing to view the internal circuit board. (*See* Ex. O; Ex. P.)

however, for a plaintiff to comply with its obligations under the Patent Rules. Samsung is entitled to claim charts sufficient to show "*specifically* where each element of each asserted claim is found within *each* Accused Instrumentality." P.R. 3-1(c) (emphasis added). Indeed, if e.Digital refuses to provide additional claim charts, this Court should limit it to the analysis that is presented in its current charts. *See Juxtacomm Techs., Inc. v. Ascential Software Corp.*, 548 F. Supp. 2d 379, 381 (E.D. Tex. 2008) (precluding a plaintiff that chooses to use one claim chart to represent multiple accused products from arguing that any product infringes other than as depicted in that chart).

    **C.    e.Digital Does Not Specifically Identify Where Each Claim Limitation Allegedly Is Found In Each Accused Product.**

e.Digital's Initial, First Amended, and Second Amended Infringement Contentions all violate P.R. 3-1(c) by failing to specifically identify where each element of each asserted claim allegedly is found in each Accused Product. Throughout its Contentions, e.Digital repeatedly states that it "believes" the Accused Products infringe particular limitations based on e.Digital's analysis of unspecified "other systems." (*See, e.g.*, Ex. K Claim Charts at 3.) e.Digital never identifies these "other systems." Nor does e.Digital explain how such "systems" supposedly infringe the asserted claims or how they relate to the Accused Products. (*See id.* at 3.) Instead, e.Digital's infringement charts frequently assert an unexplained statement of "belief," in place of any actual comparison of the Accused Products to the asserted claims. (*See id.* at 36.)

Moreover, even when e.Digital purports to base its Contentions on an analysis of an actual Accused Product, as opposed to some unidentified "other system," it often relies on vague, top-level statements of "belief" or "understanding" about how the Accused Products function,

10

rather than providing the kind of specific analysis P.R. 3-1 requires.[6] For example, when "analyzing" claim 10 of the '774 patent as applied to the accused mobile phones, e.Digital simply states: "Based on e.Digital's investigation to date, it is e.Digital's understanding that [the 'representative' Samsung phone] uses a processing IC that includes an ARM processor and CODECS to compress digital signals on flash memory." (Ex. K Claim Charts at 10.) This is the entirety of e.Digital's analysis, and it is uninformative. ARM processors are general-purpose processors used in over 90 percent of all cellular phones. (Ex. Q.) Much like the processor in a laptop computer, they can be programmed to perform many different functions. (Ex. R.) e.Digital does not identify where, how, or when the general-purpose ARM processor allegedly used in the accused phones supposedly compresses data signals, or where, how, or when such signals are stored to flash memory, as the claim requires. (*See, e.g.*, Ex. K Claim Charts at 10.) Indeed, e.Digital does not even indicate what type of ARM processor or CODECS this phone allegedly uses. Absent such specific analysis, e.Digital has not met its Patent Rule obligations.

### D. e.Digital Does Not Identify How The Asserted Method Claims Allegedly Are Infringed.

Two of the four asserted patents claim methods of writing and storing data to flash memory without using the traditional file allocation tables found in nearly all file memory systems. (*See* '445 Patent Claim 1; '108 Patent Claim 1.) But e.Digital's claim charts do not

---

[6] This violation of the Patent Rules is especially egregious with respect to the means-plus-function claim elements present in the asserted claims. For example, claim 1 of the '737 patent recites a "recording means" that records a voice message by (i) searching for the end of the last prior message recorded, (ii) identifying a point after the end of the last recorded message where a new message might begin, and (iii) starting to record a new message at that point. (*See* '737 Patent Claim 1.) e.Digital's Second Amended Infringement Contentions identify these limitations as means-plus-function elements. (*See* Ex. K at 8-9.) Yet e.Digital's Contentions do not provide any analysis of where or how any of the accused Samsung devices allegedly performs the claimed functions of searching, identifying, and starting to record. (*See* Ex. K Claim Charts at 21, 24, 26.)

11

even describe how the accused Samsung products allegedly write to flash memory. Instead, e.Digital just points generally to the hardware contained in the Accused Products, and states that it believes this hardware performs the claimed steps. (*See, e.g.*, Ex. K Claim Charts at 35-37.) This general reference to the Accused Products' hardware is insufficient to comply with P.R. 3-1(c)'s requirements pertaining to method claims. *See, e.g.*, *Linux Techs.*, 2008 WL 4372708, at *1-2, 9 (granting motion to compel amended infringement contentions where plaintiffs failed to delineate *how* accused products' operation specifically corresponded to asserted method claims).

### E. e.Digital Failed To Analyze And Incorporate Publicly Available Information About The Accused Products.

e.Digital recognized the insufficiencies in its Initial Infringement Contentions, yet the sole excuse it offered for not amending them was that it had exhausted all publicly available information about the Accused Products and hence needed to obtain additional information through discovery. (*See* Ex. H.) But e.Digital did *not* exhaust all publicly available information. As noted above, it did not obtain all the Accused Products, nor did it attempt to analyze or reverse-engineer them. Moreover, e.Digital did not even obtain publicly available service manuals for the products, which show relevant details such as schematics and circuit diagrams.[7] (*See* Ex. I at 4-6; Ex. U.) Had e.Digital bothered to analyze this readily available information, it should have been able to provide much more accurate and informative Contentions.[8] It also

---

[7] A simple search of five websites revealed the availability of service manuals for at least 108 of the 136 Accused Products. (*See* Gerson Decl., ¶ 21.)

[8] For example, the accused BlackJack II Samsung phone uses a Texas Instruments OMAP processor. (*See* Ex. S.) Information about this processor, including detailed schematics, is available on Texas Instruments' website and other publicly available webpages. (*See* Gerson Decl., ¶ 24; Ex. T.) Schematics, data sheets, and other relevant information regarding the processors used in other Accused Products—including, for example, the Samsung Instinct, NV24HD, S760, and L210—also are readily available online. (*See* Ex. T.) In fact, other plaintiffs have been able to find such information and include it in infringement allegations
(Continued…)

12

could have determined that 76 of the Accused Products are not even sold in the United States. (*See* Declarations of Brian Atwood, Yosop Kim, and Eun Ju Lee.) e.Digital repeatedly stated that it has done enough, but e.Digital is wrong: "Plaintiffs are expected to ***rigorously*** analyze ***all*** publicly available information before bringing suit and must explain with great detail their theories of infringement." *ConnecTel*, 391 F. Supp. 2d at 528 (emphasis added); *see also Am. Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (noting "plaintiffs are usually able to purchase defendants' products and ascertain the mechanics of how those products infringe ***before*** plaintiffs bring suit") (emphasis added). This Court should require e.Digital to amend its Infringement Contentions to provide proper detail for its infringement theories based on publicly available information about the Accused Products.

### F. e.Digital's Second Amended Infringement Contentions Improperly Alter Its Infringement Theories And The List Of Accused Products, Without Permission From The Court.

In its Initial and First Amended Infringement Contentions, e.Digital based its theory of infringement for all of the accused Samsung cameras and camcorders on the devices' use of a "Zoran COACH" processor. (*See, e.g.*, Ex. F Claim Charts at 2, 3, 5, 8, 9, 11, 13-30.) Now, over 11 months into the litigation, e.Digital has abruptly changed course, and accuses the camcorders and certain Samsung cameras under an entirely new theory.[9] (*See* Ex. K Claim

---

against Samsung. A complaint recently filed by Saxon Innovations, LLC in Tyler, Texas (Case No. 6:09-cv-067), includes claim charts comparing its patent claims to the Samsung BlackJack and SC-MX20. (*See* Ex. V.) These claim charts include pictures of the devices' circuitry, as well as information about product components, including detailed schematics, circuit diagrams, and reference guides. (*See id.*)

[9] For example, e.Digital initially contended that the SC-X300 camcorder infringes because it uses a Zoran COACH processor. (*See* Ex. F Claim Charts at 8.) e.Digital now contends that this camcorder infringes because it uses the SYSCON uPD70F3017AYF1 (NEC), PR818S4 (SIGMATEL), AUDIO (AK4642EN), and/or Analog Switch x2 FSAV330MTC processors. (*See* Ex. K Claim Charts at 9.)

Charts at 2-4, 6, 9-11, 13, 15-18, 20-32, 35-37, 41-46.) Again, this Court's Patent Rules require a plaintiff to investigate the accused products and serve specific infringement contentions early in the case. Samsung was entitled to receive—upfront—specific Contentions containing detailed and particularized theories of infringement, on which Samsung should be able to rely when developing its own claims and defenses. *See, e.g.*, *O2 Micro Int'l v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006) ("The [patent local] rules are designed to require parties to crystallize their theories of the case early in the litigation ***and to adhere to those theories once they have been disclosed***.") (emphasis added); *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) ("Before bringing suit, plaintiffs are expected to rigorously analyze all publicly available information, and early in the case plaintiffs must explain their infringement theories in detail."); *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 5378047, at *3 (E.D. Tex. Dec. 23, 2008) ("[Plaintiff seeks to] alter some of its infringement theories. Were the court to allow Raytheon to supplement its PICs in the manner proposed, the entire case . . . would essentially start over from scratch.").

In this case, e.Digital served two rounds of Infringement Contentions based on one theory of infringement, and now—almost a year into the case and with claim construction about to begin—has served a new set of amended Contentions that (in addition to being deficient for reasons described above) suddenly dispenses with key portions of its original theory. e.Digital cannot simply rework its Contentions at will. Even if it had sought proper leave to amend its theories pursuant to P.R. 3-6—which it did not—this Court *still* should not allow e.Digital to change its infringement positions at this point in the case. *See, e.g.*, *Raytheon Co.*, 2008 WL 5378047, at *1-3 (denying plaintiff's motion to supplement infringement contentions with new theories, noting that "P.R. 3-1 disclosures . . . are designed specifically to require parties to

14

crystallize their theories of the case early in the litigation, so that the parties' efforts may be focused on addressing a stable set of infringement contentions") (citations omitted). e.Digital thus should be limited to its original theory of infringement regarding the accused cameras and camcorders—and to its original set of Accused Products.[10] *See Davis-Lynch, Inc. v. Weatherford Int'l Inc.*, No. 6:07-CV-559, 2009 WL 81874, at *1 (E.D. Tex. Jan. 12, 2009) (denying motion to add accused products because plaintiff failed to show good cause).

Indeed, if e.Digital ultimately proves incapable of providing contentions that adequately explain its original infringement theory, this Court should strike its deficient contentions for failure to comply with P.R. 3-1. In the meantime, if e.Digital wishes to present new theories and to accuse new products, it must seek leave to do so under P.R. 3-6. e.Digital cannot simply alter its infringement theories unilaterally—and add new Accused Products—in the guise of supplementing its present, deficient Contentions.

## IV. CONCLUSION

e.Digital's incomplete and shifting Infringement Contentions pose undue prejudice to Samsung by severely impeding its ability to analyze the merits of e.Digital's claims and to prepare defenses against the allegations. Samsung therefore respectfully requests this Court to grant its Motion to Compel Infringement Contentions In Compliance With Patent Rule 3-1 And To Limit e.Digital To Its Prior Theories, and to enter the Proposed Order submitted herewith.

---

[10] In its Second Amended Infringement Contentions, e.Digital accuses five camcorders of infringement for the first time—the SC-HMX10CN, SC-HMX10ED, SC-HMX10N, SC-MX25E, and SC-X105L. e.Digital provides no explanation for these additions. Four of these five camcorders have never even been made, used, sold, or offered for sale, or imported in the United States by Samsung. (Yosop Decl.) In any event, e.Digital cannot now accuse additional products without a showing of good cause. P.R. 3-6.

Dated:  March 6, 2009

Respectfully submitted,

By:/s/ *Michael E. Jones*

Michael E. Jones
Allen F. Gardner
POTTER MINTON
110 N. College, 500 Plaza Tower
Tyler, TX  75702
Telephone:  (903) 597-8311
E-mail:  mikejones@potterminton.com
E-mail:  allengardner@potterminton.com

Gregory S. Arovas (admitted *pro hac vice*)
NY Bar No. 2553782
(Lead Attorney)
Todd M. Friedman (admitted *pro hac vice*)
NY Bar No. 2939429
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4675
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
E-mail:  garovas@kirkland.com
E-mail:  tfriedman@kirkland.com

Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

**CERTIFICATE OF SERVICE**

       This is to certify that, on March 6, 2009, a true and correct copy of SAMSUNG'S MOTION TO COMPEL INFRINGEMENT CONTENTIONS IN COMPLIANCE WITH PATENT RULE 3-1 AND TO LIMIT e.DIGITAL TO ITS PRIOR THEORIES and a [Proposed] Order were filed electronically in compliance with Local Rule CV-5(a).  As such, these documents were served on all counsel who are deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

                                                   */s/ Michael E. Jones*
                                                   Michael E. Jones

**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL COURT RULE CV-7(h)**

       Pursuant to Local Court Rule CV-7(h), counsel for Samsung held three meet-and-confers with counsel for e.Digital in a good-faith attempt to resolve this matter without Court intervention.  First, counsel for both parties held a two-hour meet-and-confer via telephone on January 21, 2009.  During this two-hour meet-and-confer, counsel for Samsung identified and described each type of deficiency in e.Digital's First Amended Infringement Contentions.  Then, in a further attempt to facilitate a successful resolution of this issue, Samsung sent e.Digital an e-mail on February 6, 2009, specifically outlining each and every remaining deficiency in e.Digital's Contentions.  Counsel for Samsung and e.Digital subsequently held another meet-and-confer, via telephone, on February 6, 2009, during which the issues described in Samsung's e-mail were discussed.  Finally, in another good-faith attempt to resolve this matter without Court intervention, counsel for Samsung and e.Digital held an in-person meet-and-confer on March 4, 2009, which lasted nearly three hours.  At this three-hour in-person meeting, counsel for Samsung addressed each type of deficiency remaining in e.Digital's Second Amended Infringement Contentions.  Specifically, counsel for Samsung first identified and discussed the unresolved issues described in Samsung's February 6, 2009 e-mail to e.Digital, and counsel then discussed each of the deficiencies in e.Digital's Second Amended Infringement Contentions as identified in Attachment A to this Motion.  The parties were unable to resolve this matter, and e.Digital opposes SAMSUNG'S MOTION TO COMPEL INFRINGEMENT CONTENTIONS IN COMPLIANCE WITH PATENT RULE 3-1 AND TO LIMIT e.DIGITAL TO ITS PRIOR THEORIES.

                                                   */s/ Michael E. Jones*
                                                   Michael E. Jones