**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| e.DIGITAL CORPORATION, | ) ) ) | Civil Action No. 2:08-cv-00093-DF-CE |
| Plaintiff, | ) ) | Hon. D. Folsom |
| v. | ) ) | JURY TRIAL DEMANDED |
| AVID TECHNOLOGY, INC.; CASIO AMERICA, INC.; LG ELECTRONICS USA, INC.; NIKON, INC.; OLYMPUS AMERICA INC.; SAMSUNG ELECTRONICS AMERICA, INC.; and SANYO NORTH AMERICA CORPORATION, | ) ) ) ) ) ) ) ) ) |  |
| Defendants. | ) |  |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL INFRINGEMENT
CONTENTIONS IN COMPLIANCE WITH PATENT RULE 3-1 AND TO LIMIT
<u>e.DIGITAL TO ITS PRIOR THEORIES</u>**

e.Digital recognizes that even after submitting *three* versions of its Infringement Contentions, its Contentions *still* are incomplete and must be supplemented to include additional information about the Accused Products.  But e.Digital cannot merely wait to update its Contentions incrementally and at will, after Samsung provides information through discovery. P.R. 3-1 required e.Digital to identify crystallized theories of infringement *before* discovery began, based on a rigorous pre-suit analysis of publicly available information about the Accused Products—and the Patent Rules require e.Digital to abide by its theories once they are stated. Yet e.Digital did not conduct a proper investigation, and its Contentions lack adequate detail to explain its theories.  Moreover, when e.Digital did amend its Contentions, not only were the revised Contentions still incomplete, but e.Digital improperly used this opportunity to *change* portions of the limited theories it had originally presented.  Rather than risk further delay—and another round of shifting, incomplete Contentions—Samsung now seeks the Court's assistance to hold e.Digital to its obligations under the Patent Rules.  e.Digital must (i) add sufficient detail to its Contentions to explain its theories, and (ii) stand by the theories it originally articulated.

## I.     e.Digital Has No Excuse For Failing To Provide Adequate Contentions.

Despite fifteen pages of self-contradictory hand-wringing, e.Digital's Opposition fails to offer any reasonable excuse for not supplying adequate Infringement Contentions.  e.Digital suggests—incorrectly—that its only obligation under P.R. 3-1 is to merely provide *some* amount of additional information about its infringement theories beyond what the claims themselves state.[1]  Nonetheless, it recognizes that it must "provide additional detail" about its theories. (Opp. at 11.)  To that end, e.Digital asks this Court to accept its Contentions as they are, with a

---

[1] e.Digital quotes *Orion IP, LLC v. Staples, Inc.* out of context. (Opp. at 9-10.)  At issue was whether the plaintiff had put the defendant on notice that it accused its entire website, not whether the theories in its Contentions were sufficiently detailed. *See* 407 F. Supp. 2d at 817.

promise to update them after it reviews Samsung's production.[2] (*See* Opp., Proposed Order at 4.) But the purpose of P.R. 3-1 is not to let a plaintiff construct vague, moving-target theories of infringement that it can revise throughout discovery. Rather, the purpose is to set forth ***specific*** theories of infringement "***before*** discovery has even begun," to "provide structure to discovery and enable the parties to move efficiently toward claim construction . . . ." *Am. Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (emphasis added).

In this regard, e.Digital blames its Contentions' deficiencies on a supposed lack of publicly available information about the Accused Products, but the declaration of James Sze—who was "responsible for supervising the initial investigation of the accused Samsung products"—confirms that e.Digital failed to adequately investigate the Accused Products before filing suit and drafting its Contentions. (Opp., Sze Decl., ¶ 8.) Mr. Sze's declaration suggests that far from purchasing, examining, or reverse-engineering any of the Accused Products, as the Patent Rules require—or analyzing publicly available service manuals, circuit diagrams, or specifications—e.Digital's ***entire*** pre-suit investigation consisted of searching the Internet for the names of Samsung products that store data on flash memory, and then accusing them of infringing. (*Id.*, ¶ 9.) Indeed, e.Digital's Initial and First Amended Contentions did not cite even a single service manual for the products.[3] e.Digital thus did not satisfy its pre-filing obligations.[4]

---

[2] e.Digital suggests Samsung's Motion is "unnecessary" because it has already agreed to supplement its Contentions by March 31, 2009. (Opp. at 1-2.) But e.Digital's three rounds of Contentions have all failed to provide the required level of detail—even after Samsung identified and articulated their various deficiencies. There is no reason to believe that if given a fourth chance, e.Digital suddenly will make good on its obligations on its own. Further demonstrating the parties' impasse and this Motion's necessity, e.Digital's Proposed Order makes amending its Contentions contingent on receiving further disclosures from Samsung, and does not require e.Digital to identify ***how*** the Accused Products supposedly perform the asserted method claims.

[3] e.Digital also apparently failed to investigate whether the over 130 Accused Products are actually made, used, sold, offered for sale, or imported ***by Samsung*** in the U.S. As a result,
(Continued…)

e.Digital's excuses for this failure lack merit. First, the sources of publicly available information cited in Samsung's Motion are not obscure or hard to find, as e.Digital suggests. (Opp. at 6-7.) Rather, each one is a publicly available website obtainable via the simplest of web searches, such as entering the term "Samsung Service Manual" into Google. (*See* Ex. W; Gerson Decl., ¶ 11.) Second, e.Digital insinuates it never previously had the opportunity to review these sources because Samsung was "reluctant" to share them. (Opp. at 5.) This is wrong—during each of the meet-and-confers, Samsung named sources of publicly available online information, and advised e.Digital to consult Samsung service manuals. (Gerson Decl., ¶¶ 12-16.) Indeed, local counsel for Samsung conducted online searches for such information at the January 21 meet-and-confer, and informed e.Digital's counsel of the sites he found. (*Id.*, ¶ 14.) Samsung further provided e.Digital with additional sources and categories of publicly available information, including <www.manualuniverse.com>, a website containing service manuals for at least **95** of the Accused Products.[5] (*Id.*, ¶¶ 15-16.) All of this information was provided a ***month*** before the final March 4 meet-and-confer, yet—even with Samsung's assistance—e.Digital still refused to conduct the kind of thorough investigation the Rules require.

---

e.Digital improperly accused over 70 non-U.S. products. e.Digital now refers to various third-party gray-market resellers of international mobile phones to try to justify having initially accused these products. (*See* Opp. at 8; Gerson Decl., ¶¶ 3-4; Ex. X; Ex. Y.) Significantly, however, e.Digital does ***not*** contend that Samsung itself sells these products in the U.S. Indeed, e.Digital has agreed to remove them from its list of Accused Products. (*See* Ex. Z.)

[4] *See Judin v. U.S.*, 110 F.3d 780, 784 (Fed. Cir. 1997) (plaintiffs "failed to meet the minimum standards imposed by Rule 11" because "[n]o adequate explanation was offered for why they failed to obtain, or attempted to obtain, a sample of the accused device"). Samsung recently sent a letter to e.Digital questioning its compliance with these "minimum standards" and asking e.Digital to explain its initial basis for believing the Samsung products infringed. (*See* Ex. AA.)

[5] e.Digital originally took the position that manualuniverse.com is not a "publicly available" website, but has now dropped this argument—for good reason. (*See* Gerson Decl., ¶ 10; Ex. EE.)

Allowing e.Digital to atone for its inadequate pre-suit investigation by waiting until after discovery to fill in the gaps in its Infringement Contentions would vitiate the Rules' purpose—namely, to require the plaintiff to provide particularized infringement theories *upfront*. This Court therefore should require e.Digital to conduct a rigorous analysis of publicly available information about the Accused Products *now*, to bring the level of detail of its Contentions into compliance with P.R. 3-1, as described in Samsung's opening brief and Proposed Order.

## II.      e.Digital Must Obey This Court's Rules For Amending Its Contentions.

e.Digital's intention to progressively amend its Contentions throughout discovery runs contrary to P.R. 3-6(b), which only allows amendment upon a showing of good cause and with the Court's permission. Indeed, e.Digital admits it must seek leave to add new Accused Products.[6] (*See* Opp. at 15.) However, this requirement applies not just to the list of Accused Products, but to "*any* Infringement Contentions." P.R. 3-6(b) (emphasis added); *see also O2 Micro Int'l v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006) ("The [patent local] rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.").

As explained in Samsung's opening brief, e.Digital has improperly altered its theory of infringement regarding many of Samsung's products between versions of its Contentions. In its Initial and First Amended Contentions, for example, e.Digital identified Zoran COACH processors as infringing components in Samsung's NV "family" of 10 digital cameras, but in its Second Amended Contentions, e.Digital alleged that these products infringe by using Fujitsu processors. e.Digital asserts that these are not substantive changes in its theories, just corrections

---

[6] Incidentally, while e.Digital suggests it should be allowed to add Accused Products introduced after November 21, 2008, the single "new" U.S. Accused Product e.Digital has identified—the SC-X105L camcorder—has been on sale in the U.S. since at least 2005. (*See* Ex. DD.)

4

of careless "mistakes." (Opp. at 14.) However, different processors operate in different ways, so accusing one instead of another is a fundamental change.[7] Nor does this change merely reflect an innocent "errant belief" by e.Digital about the products. (*Id.*) Of the 10 NV cameras, some use Zoran processors, while others do not. (*See* Exs. BB, CC.). e.Digital did not properly investigate the products, and hence has shifted between conflicting theories of infringement to try to cover its lapse.[8] This behavior violates P.R. 3-6, and the Court should either (i) require e.Digital to show good cause to switch to the theories presented in its Second Amended Contentions, or (ii) limit e.Digital to its initial theories and list of Accused Products.[9]

### III. Samsung's Motion In No Way Preempts Any Aspect Of Claim Construction.

e.Digital's assertion that Samsung's Motion is "a claim construction argument in disguise" is an obvious red herring. (Opp. at 14.) In the example e.Digital cites, its Contentions simply parrot claim language, and provide general statements that processors inside the Accused Products perform the claimed steps. (*See* Opening Br., Ex. K at 30-31.) This lack of detail and regurgitation of claim language has nothing to do with any debate over the claims' scope. Rather, e.Digital simply fails to specify how it believes the claims read on the Accused Products, and this Court should compel it to provide an adequate description.

### IV. Conclusion

For these reasons, the Court should grant Samsung's Motion.

---

[7] For this reason, Samsung cannot simply intuit e.Digital's infringement theories just because Samsung knows which processors are in its products, as e.Digital suggests. (Opp. at 11.) e.Digital must explain *how* each product supposedly uses its processor to infringe.

[8] Nor did e.Digital address this situation "as soon as it was brought to its attention," as it claims. (Opp. at 15.) The process took months. (*See* Gerson Decl., ¶ 17.)

[9] Significantly, e.Digital does *not* dispute that it should be limited to the theories presented in its claim charts for each product "family." (*See* Opp. at 12 (noting that either the Court must affirm e.Digital's product groupings or e.Digital must provide additional charts).)

Dated:  March 19, 2009

Respectfully submitted,

By:/s/ *Michael E. Jones*

Michael E. Jones
Allen F. Gardner
POTTER MINTON
110 N. College, 500 Plaza Tower
Tyler, TX  75702
Telephone:  (903) 597-8311
E-mail:  mikejones@potterminton.com
E-mail:  allengardner@potterminton.com

Gregory S. Arovas (admitted *pro hac vice*)
NY Bar No. 2553782
(Lead Attorney)
Todd M. Friedman (admitted *pro hac vice*)
NY Bar No. 2939429
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4675
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
E-mail:  garovas@kirkland.com
E-mail:  tfriedman@kirkland.com

Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

**CERTIFICATE OF SERVICE**

      This is to certify that, on March 19, 2009, a true and correct copy of SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL INFRINGEMENT CONTENTIONS IN COMPLIANCE WITH PATENT RULE 3-1 AND TO LIMIT e.DIGITAL TO ITS PRIOR THEORIES was filed electronically in compliance with Local Rule CV-5(a).  As such, these documents were served on all counsel who are deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

      */s/ Michael E. Jones*
      Michael E. Jones