**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| e.DIGITAL CORPORATION, ) | |
| ) | Civil Action No. 2:08-cv-00093-DF-CE |
| Plaintiff, ) | |
| ) | Hon. D. Folsom |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| AVID TECHNOLOGY, INC.; CASIO ) | |
| AMERICA, INC.; LG ELECTRONICS ) | |
| USA, INC.; NIKON, INC.; OLYMPUS ) | |
| AMERICA INC.; SAMSUNG ) | |
| ELECTRONICS AMERICA, INC.; and ) | |
| SANYO NORTH AMERICA ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE e.DIGITAL'S INFRINGEMENT CONTENTIONS WITH RESPECT TO 20 ACCUSED SAMSUNG MOBILE PHONES**

**I.      Introduction.**

e.Digital accuses Samsung of supposedly not telling the whole story about e.Digital's amended Infringement Contentions ("ICs") and its unilateral decision to assert a new theory of infringement regarding the 20 Accused Phones that are the subject of this motion.  In fact, the story is simple.  For almost seven months and throughout five different versions of its ICs, e.Digital identified the SGH-D900 as a "representative product" to explain how the Accused Phones allegedly infringed the '774 patent.  The asserted claims relate to the storage of audio data to flash memory, and e.Digital offered an infringement theory that depended on the phones' purported ability to record *voice memos* to an external flash memory card.  After e.Digital was forced to admit that the SGH-D900 does not function in that way, it withdrew its claims against that product, yet refused to drop its contentions against the 20 other phones that the SGH-D900 represented in its analysis.

Instead, e.Digital submitted new ICs, including a new representative product (the SCH-A990) and a new theory of infringement based on the Accused Phones' purported method of recording *video* data.  Although e.Digital argues that this theory was present in its ICs all along, *none* of the statements it cites to support this argument is actually relevant, because the prior references it cites all address different accused products or claim limitations than the ones that are at issue in this motion.  Indeed, a side-by-side comparison of the relevant portions of e.Digital's past and present ICs plainly shows that its infringement theory regarding the Accused Phones has changed.  Ultimately, e.Digital cannot avoid the fact that it improperly amended its ICs to offer a new theory regarding the Accused Phones.  This Court should strike the improper contentions.

**II.  If e.Digital Had Previously Disclosed Its Current Theory, It Would Not Have Needed To Amend Its ICs, Let Alone Cite New Functionalities To Describe How The SCH-A990 Allegedly Infringes The Same Claim Limitations.**

Having admitted that its chosen "representative product," the SGH-D900, does not function as e.Digital alleged in its charts, e.Digital dropped its allegations against that phone under the '774 patent. e.Digital argues that its allegations against the 20 remaining Accused Phones should still stand, however, because these phones—for which it never provided any separate analysis—supposedly "do operate in the manner" described in the incorrect SGH-D900 chart. (Opp. at 6.) In other words, e.Digital contends that its prior charts satisfied its disclosure obligations for those phones, even though they did not accurately depict the SGH-D900 itself.

Assuming this argument were valid, there would have been no need for e.Digital to identify a new representative product or to submit new ICs, because its prior disclosure allegedly sufficed. Indeed, when e.Digital *did* substitute a new representative product, it should have been able to point to the *same* functionalities it identified before (for the SGH-D900), because the remaining Accused Products all supposedly function as previously disclosed. But that is not what e.Digital did. As described below, when e.Digital submitted its Fourth Amended ICs, it identified a new allegedly infringing functionality for the limitations related to the storage of audio data to flash memory, one that is different from the voice memo function it previously cited for the SGH-D900. If e.Digital's original claims against the other phones remained valid, it would not have needed to do this. e.Digital obviously recognized, however, that its incorrect assumption about how these products function extended beyond just the SGH-D900. Thus, under the guise of substituting a new representative product, e.Digital improperly amended its ICs to assert a new theory for all the remaining phones, to try to preserve its claims. This change violates P.R. 3-1, and the Court should reject it. *See Juxtacomm Techs., Inc. v. Ascential*

*Software Corp.*, 548 F. Supp. 2d 379, 381 (E.D. Tex. 2008) (precluding new theories not disclosed in prior "representative" chart).

**III.   e.Digital's Amended Contentions Present A Previously Undisclosed Theory Of Infringement Regarding The Accused Phones.**

e.Digital contends in its Fourth Amended ICs that the 20 remaining Accused Phones store audio data to flash memory by recording *video* signals to an external flash memory card. e.Digital argues that this theory has remained consistent throughout the different versions of its ICs, and cites to its Second Amended ICs as supposed proof.  (*See* Opp. at 8.)

Significantly, e.Digital does not cite any statements in its Initial or First Amended ICs regarding infringement via video recording—because no such statements exist.  (*See* Exs. A-B.) Hence, at a minimum, e.Digital's assertion that its current theory has always been part of its ICs is false.  Further, *none of the references e.Digital cites from its Second Amended ICs supports its argument*.  e.Digital cites 10 specific statements, six of which appear on pages 15-18 of its Second Amended IC claim charts.  (*See* Opp. at 8.)  But all of those statements were part of e.Digital's analysis of a *different set of accused phones* altogether, products that were represented in its charts by the SPH-M800, *not* the SGH-D900.  (*See* Opp. Ex. 2, Claims Charts at 15-18.)  These citations are unrelated to the products at issue in this motion.

The other statements e.Digital cites from its Second Amended ICs—which refer to the Accused Phones' "voice memo and/or camcorder functionality" (Opp. at 8)—also are irrelevant, because they appeared in the context of e.Digital's analysis of the "control circuitry" and "compression circuitry" limitations of the asserted claims, *not* the claim limitations that specifically refer to the storage of audio data to flash memory.  (*See* Opp. Ex. 2, Claim Charts at 9-11, 13.)  Significantly, the portion of the Second Amended IC claim charts that actually addressed storing audio data on flash memory *only* referred to the SGH-D900's ability to record

3

voice memos. (*See, e.g.*, *id.*, Claim Charts at 8 (citing p. 42 of the SGH-D900 user manual, re: the recording of voice memos).)

Thus, while e.Digital's citations to the Second Amended ICs form the crux of it argument that its current theory of infringement is not new, none of the citations actually has anything to do with the products and claim limitations that are presently at issue. e.Digital's presentation of the facts in its Opposition therefore is entirely misleading. In addition, even if the statements e.Digital cites *were* relevant, none of the cited language appears in any subsequent version of its ICs. (*See* Exs. D-E.) Incredibly, in order to argue that the theories in its ICs have not changed, e.Digital cites out-of-context statements that only appear in *one out of five* previous versions of its Contentions.

To see how the substance of e.Digital's ICs has actually changed, this Court need only compare the SGH-D900 chart with e.Digital's current chart for the SCH-A990:




4

(*See* Ex. C, Claim Charts at 8; Ex. D, Claim Charts at 1; Ex. J, Claim Charts at 1.)  Whereas the SGH-D900 chart (on the left) referred to pages of the product's user manual that describe recording voice memos (and using a removable flash card) exclusively, the corresponding portion of the SCH-A990 chart cites pages from that product's user manual that include instructions for recording videos (called "FLIX").  (*See* Ex. M at 29, 161-63.)  Thus, e.Digital's Fourth Amended ICs plainly cite a new functionality (recording videos) to describe how the new representative product allegedly infringes the *same* limitation.

Despite e.Digital's attempts to muddy the waters by citing irrelevant references in one previous version of its ICs, this aspect of its infringement theory plainly has changed since e.Digital was forced to give up its claims against the SGH-D900.  That change was improper under P.R. 3-1, and this Court therefore should strike e.Digital's '774 patent contentions concerning the remaining Accused Phones.

**IV.     Conclusion.**

Because e.Digital improperly amended its ICs to try to maintain allegations under the '774 patent against the remaining Accused Phones after it withdrew its accusations against the non-infringing SGH-D900, and because the factors described in Samsung's opening brief support striking the amended contentions, this Court should grant Samsung's Motion.

Dated:  July 27, 2009

Respectfully submitted,

By: <u>/s/ Gregory S. Arovas, with permission by Michael E. Jones</u>

Michael E. Jones
Allen F. Gardner
POTTER MINTON
110 N. College, 500 Plaza Tower
Tyler, TX  75702
Telephone:  (903) 597-8311
E-mail:  mikejones@potterminton.com
E-mail:  allengardner@potterminton.com

Gregory S. Arovas (admitted *pro hac vice*)
NY Bar No. 2553782
(Lead Attorney)
Todd M. Friedman (admitted *pro hac vice*)
NY Bar No. 2939429
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, NY  10022-4675
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
E-mail:  garovas@kirkland.com
E-mail:  tfriedman@kirkland.com

Attorneys for Defendant
SAMSUNG ELECTRONICS AMERICA, INC.

**CERTIFICATE OF SERVICE**

      This is to certify that, on July 27, 2009, a true and correct copy of SAMSUNG'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE e.DIGITAL'S INFRINGEMENT CONTENTIONS WITH RESPECT TO 20 ACCUSED SAMSUNG MOBILE PHONES was filed electronically in compliance with Local Rule CV-5(a).  As such, these documents were served on all counsel who are deemed to have consented to electronic service.  L.R. CV-5(a)(3)(A).  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

                                                   */s/ Michael E. Jones*
                                                   Michael E. Jones